Dohoney, J.
The plaintiff Russell Hazard (hereinafter Hazard) sued the defendant Town of Webster (hereinafter Town) in a one-count complaint alleging that the Town maintained and improved certain public ways so as to cause water and sand and silt to flow onto his property and cause flooding. Hazard is seeking injunctive relief and monetary damages. The case was tried without jury.
FINDING OF FACT
Based upon all the evidence, both testimonial and documentary, and the reasonable inferences to be drawn therefrom, I find as follows:
1. Hazard owns a single-family dwelling located on a five-eighths (5/s) acre parcel on Oak Tree Lane in Webster, Massachusetts. The parcel also contains a small structure used as a repair shop.
2. The Town is a municipal corporation located in Worcester County, Massachusetts.
*89 3. In 1962 the Town accepted Oak Tree Lane as a street. As part of that transaction the Town received an easement from Hazard’s predecessor in title “to construct and maintain a surface water drain pipe across land of. . .”
4. In 1964 the Town proceeded to pave Oak Tree Lane and install a surface water drainage system. The paving basically followed the existing contour of the previous surface. The system consisted of a catch basin on the boundary of Hazard’s properly and a fourteen (14) inch drain pipe across Hazard’s properly to the rear.
5. Oak Tree Lane is a short street extending westerly from Thompson Road for about three hundred (300) feet and terminating in a cul de sac. It declines steeply from Thompson Road and drops about seventeen feet.
6. Hazard’s properly sits at the bottom of a topographical basin and has always suffered wetness. The property to the rear of Hazard’s property contains a small pond and substantial wetlands. The Town directed its drainage pipe to this area. Since the time of the original easement, the owner of the abutting property has raised the level of the pond by changing the structure of the overflow of the dam. The Town previously maintained the dam and cleaned the brook which leads from the pond.
7. Over the years the wetness of Hazard’s properly has substantially increased.
8. Over the years the Town has periodically cleared the drain pipe and catch basin of debris. On limited occasions the Town has brought in equipment and cleaned and dug near the terminus of the drain pipe.
9. Presently during every heavy rain storm the area around the catch basin backs up and floods a portion of Hazard’s property.
10. This back-up is caused by a combination of the failure of the discharge area to accept the water from the drain pipe and from debris blocking the drain pipe.
11. The failure of the discharge area to accept the water from the drain pipe is partially caused by the raising of the level of the pond and the failure to maintain the drainage system from the pond.
RULINGS OF LAW
Hazard alleges that the flooding on his property caused by the Town’s drainage system is outside the scope of the Town’s easement and constitutes a continuing nuisance. I agree.
“(I)f an easement is stated to be for a particular purpose it is limited to the purpose stated.” Makepeace Bros., Inc. v. Town of Barnstable, 292 Mass. 518, 525 (1935). Here, the Town’s easement specifically allows the Town only “to construct and maintain a surface water drain pipe across” Hazard’s property. Therefore, flooding of surface water onto Hazard’s land is not within the scope of the Town’s easement.
The Town argues that flooding on Hazard’s property for a period exceeding twenty years has created an easement by prescription. To establish a prescriptive easement, however, the Town must show that its use of Hazard’s property constituted “corporate action” or:
that [the Town] has exercised dominion and control over the land in its corporate capacity through authorized acts of its employees, agents or representatives to conduct or maintain a public use thereon for the general benefit of its inhabitants.
Daley v. Town of Swampscott, 11 Mass.App.Ct. 822, 827-29 (1981). The Town has failed to make such a showing. Accordingly, the Town has acquired no prescriptive rights.
Hazard contends that the Town has created a nuisance. “A private nuisance is actionable when a properly owner creates, permits, or maintains a condition ... on its property that causes a substantial and unreasonable interference with the use and enjoyment of the property of another.” Tarzia v. Town of Hingham, 35 Mass.App.Ct. 506, 509-10 (1993). The Town’s acts constitute a nuisance if additional drainage onto Hazard’s land is attributable to the construction and maintenance of Oak Tree Lane and causes “identifiable and more than de minimus damage.” See Triangle Center Inc. v. Department of Public Works, 386 Mass. 858, 864 (1982). Damage to land is identifiable and more than de minimus when the amount of water on the land has been substantially increased by a defendant’s acts. See Neponset Reservoir Corp. v. Bashaw, 8 Mass.App.Ct. 35, 41-42 (1979). Because I find that the wetness of Hazard’s land is substantially greater than it would be in the absence of the pavement on Oak Tree Lane and the Town’s drainage system, I conclude that the flooding of Hazard’s land constitutes a continuing nuisance for which the Town is liable.
“When the improper diversion of surface waters by a public defendant constitutes a continuing nuisance, the nuisance ordinarily should be permanently enjoined.” Schleissner v. Town of Provincetown, 27 Mass.App.Ct. 392, 397 (1989) (citing Triangle Center, supra at 864). In a nuisance action involving a public defendant, the court need not compare the burden on the defendant that an injunction might cause against the damage to the plaintiff because the public defendant has use of its power of eminent domain to take an appropriate drainage or other easement. Triangle Center, supra at 864; Schleissner, supra at 397. Having found a nuisance, “an injunction against its continuation [is] appropriate, leaving [the Town] to make other drainage arrangements.” See Triangle Center, supra at 864.
Hazard has presented no evidence of financial loss. Accordingly, I make no findings as to his financial loss as a result of the flooding of his property and he shall recover no monetaiy damages.
*90 ORDER
For the foregoing reasons, it is hereby ORDERED that the Town of Webster be enjoined from causing a discharge or back-up of surface water which results in any accumulation of surface water on Russell Hazard’s land located on Oak Tree Lane in Webster. It is further ORDERED that the Town of Webster be enjoined to maintain or redesign its existing drainage system or construct additional or alternative drainage pipes as necessary to prevent any accumulation of surface water on the Oak Tree Lane land owned by Russell Hazard.